Albert Maffei, Esquire
LAW OFFICE, LLC
ABA No. 5311009
8328 Lake Otis Parkway
Anchorage, Alaska 99507
Telephone: (907) 277-2503
Facsimile: (907) 277-1239
e-mail: almaffei@alaska.net
Attorney for Plaintiff

| | |
|---|---|
| ALBERT MAFFEI | ) |
| | ) |
| Plaintiff, | ) Case No. 3:08-cv-_____-_____ |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA. | ) **COMPLAINT** |
| | ) |
| Defendant. | ) |
| | ) |

COMES NOW plaintiff and for cause of action against the defendant,

claims and alleges as follows:

## FACTUAL BACKGROUND

I.

The plaintiff, Albert Maffei, at all times alleged herein, was and is a

citizen of the United States of America and a resident of the state of Alaska currently

residing at 8328 Lake Otis Parkway, Anchorage, Alaska, 99507.

Albert Maffei v. United States of America
Case No. 3:08-cv-_____-_____
Complaint

Page 1 of 13

II.

This case arises due to the actions of the United States Air Force through its agency 311PKBB-AK Air Force Material Command concerning its contract with Luciano General LLC for remediation of soils at Cold Bay, Alaska.

III.

The contract was administered by Linda Fellows, the Contracting Officer and employee of 311PKBB-AK Air Force Material Command, an agency of the United States of America.

IV.

In response to a solicitation issued by 311PKBB-AK for a firm price contract for remediation of soils in Cold Bay, Alaska, 311PKBB-AK, on June 21, 2001, entered into a Sole Source Negotiated Service Contract with Luciano General LLC of Anchorage, Alaska, an 8-A contractor, a designation issued by the Small Business Administration, an agency of the United States of America, for the purpose of providing labor, materials, equipment and transportation to complete soil remediation at Cold Bay, Alaska.

V.

A firm fixed contract for a total sum of $2,527,030.00 was issued to

Albert Maffei v. United States of America
Case No. 3:08-cv-_____-_____
Complaint

Page 2 of 13

1 | Luciano General LLC without a requirement for a bond either in the contract or the
2 | solicitation.

3 | VI.

4 |
5 | The solicitation, the contract, and all matters concerning the same were
6 | issued under Federal Acquisition Regulation (hereinafter referred to as "FAR") as of
7 | January 1, 2000.

8 | VII.

9 | On June 4, 2001 and prior to the signing of the above-mentioned contract,
10 | Linda Fellows, Contracting Officer, issued to the recipient of the contract, Luciano
11 | General LLC, a Limited Notice To Proceed allowing Luciano to complete subcontract
12 |
13 | acquisition, scheduling of barge transportation and material acquisition. No bond was
14 | required. Luciano General, following the issuance of the Limited Notice To Proceed,
15 | commenced negotiations for rental of equipment to remediate the soils at Cold Bay, as
16 | well as transportation of the equipment to Cold Bay, purchase of materials, and
17 | finalization of the assorted plans required by the contract.

18 | VIII.

19 | The contract was divided in two specific parts, one being ST05 which was
20 | for the excavation and thermal treatment of the contaminated soil, and 0T01 which was
21 |
22 |

Albert Maffei v. United States of America
Case No. 3:08-cv-_____-_____
Complaint

Page 3 of 13

1    for the purpose of grading, contouring and reinstalling pre-seeded landfill cap material

2    over the landfill.

3                             IX.

4

5          While the soil remediation equipment was being transported by barge to

6    Cold Bay, Alaska, Luciano General also commenced work on 0T01 by installing a pre-

7    seeded landfill cap material over the landfill.

8                             X.

9          In late July and early August, 2001, Remtech, Inc., the company which

10    entered into a rental agreement with Luciano for the equipment to remediate the soils,

11

12    through its president, Keith Carpenter, made many telephone calls and e-mails to Linda

13    Fellows requesting a copy of the payment and performance bond so that Remtech could

14    proceed against the bond for unpaid rental and other materials and services.

15                            XI.

16          As a result of the constant badgering by Keith Carpenter of Remtech,

17    Linda Fellows, contrary to the specific requirements of the FAR, demanded that Luciano

18

19    General immediately furnish a payment and performance bond and required that all work

20    on the contract cease until the bond had been furnished.

21

22

23    Albert Maffei v. United States of America

24    Case No. 3:08-cv-_____-_____
        Complaint

25

XII.

Linda Fellows, at that time, knew or should have known that Luciano General did not have the financial ability to furnish a payment and performance bond without an adequate indemnity agreement being provided by a person or entity that had sufficient assets to satisfy the bonding company requirements.

XIII.

Linda Fellows knew or should have known at the time the request for bond was made that Luciano General did not have the assets or finances necessary for payroll and material acquisition. Linda Fellows was aware that Edwin Luciano, owner of Luciano General, was being financially assisted by his father-in-law, the plaintiff herein, for the purpose of providing funds through First National Bank Alaska loans to finance the payroll and material acquisitions for the project.

XIV.

In order for the contract to proceed and in order to prevent default on the loans to First National Bank Alaska, the plaintiff agreed to indemnify a payment and performance bond.

XV.

Luciano General, with the assistance from 8-A contractor, Mapco of San Antonio, Texas issuing a letter of credit and the plaintiff executing an indemnity

Albert Maffei v. United States of America
Case No. 3:08-cv-_____-_____
Complaint

Page 5 of 13

1  agreement, was able to provide a payment and performance bond from Lumbermens

2  Casualty Company, which bond was issued on August 10, 2001.

3  XVI.

4  On August 30, 2001, less than thirty days after the bond been issued to the

5
6  contracting officer, Remtech, Inc., the rental contract creditor of Luciano General, filed a

7  claim against the payment and performance bond for delinquent rent and other costs.

8  XVII.

9  On October, 18, 2001, Remtech, Inc. filed a civil action in the United

10  States District Court for the District of Alaska under Case No. A01-309-CIV (JWS)

11
12  against Lumbermens Mutual Casualty Company, Luciano General LLC, and Edwin

13  Luciano.

14  XVIII.

15  Prior to an answer being filed, Remtech, Inc. filed an Amended

16  Complaint. On December 20, 2001, Lumbermens filed its Answer and a Third-Party

17  Complaint against the plaintiff herein and his daughter, Gina B. Luciano, who also was

18
19  an indemnitor under the indemnity agreement.

20  XIX.

21  After a jury trial, the Court, on February 16, 2005, entered a judgment

22  against plaintiff and Luciano Enterprises in the amount of $1,577,738.72, plus interest.

23  Albert Maffei v. United States of America
24  Case No. 3:08-cv-_____-_____
   Complaint
25
   Page 6 of 13

XX.

The plaintiff filed an appeal to the Ninth Circuit Court of Appeals, which Court, on August 1, 2006, affirmed the District Court Judgment.

XXI.

The plaintiff then requested mediation and after the mediation was concluded, the mediator entered her Decision on October 26, 2006.

XXII.

The Decision of the mediator resulted in a Settlement Agreement And Mutual Release entered into between Lumbermens Mutual Casualty Company and plaintiff on December 13, 2006.

XXIII.

As a result of the mediation and the Settlement Agreement And Mutual Release, the plaintiff paid to Lumbermens the sum of $1,290,249.75.

XXIV.

Following the forgoing loss, the plaintiff attempted to settle this matter by correspondence through the Honorable Ted Stevens, United States Senator for Alaska, who submitted the matter to the United States Air Force, but such negotiations failed.

Albert Maffei v. United States of America
Case No. 3:08-cv-_____-_____
Complaint

Page 7 of 13

## XXV.

On December 5, 2006, pursuant to Title 28, Section 2401(b), a tort claim against the United States was presented, in writing, to the Department of the Air Force specifically outlining in detail the plaintiff's claim against the United States Air Force. On the 3rd day of October, 2007, the Department of the Air Force, in writing, denied the plaintiff's claim.

## XXVI.

Less than six months have expired since the claim was rejected.

## CAUSES OF ACTION

## XXVII.

This action is brought under Title 28 U.S.C., § 1346(b) which provides, in part, as follows:

> 'Subject to the provisions of [28.U.S.C. §§ 2671-2680], the district courts. . . . shall have exclusive jurisdiction of civil action on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'

Alaska has a like statute 09.50.250 which is similar to the federal tort claims act.

Albert Maffei v. United States of America
Case No. 3:08-cv-_____-_____
Complaint

Page 8 of 13

1     **NEGLIGENCE**

2                    XXVIII

3          That defendant's agent, Contracting Officer Linda Fellows, negligently

4     failed to follow mandatory FAR 28-03-1(b)(c) by requiring a Luciano General to provide
5
6     a performance bond when the original solicitation and contract did not require a bond,

7     which FAR further provided in (b) that if a bond was required, it must be furnished prior

8     to a notice to proceed, and further provided in (c) that no bond shall be required after the

9     contract has been awarded if it was not specifically required in the contract.  The contract

10    was never modified or amended in accordance with the FAR.

11
           The negligence of Contracting Officer Linda Fellows caused personal
12
13    injury to the plaintiff.

14                **WRONGFUL ACT**

15                    XXIX

16         The failure of the Contracting Officer Linda Fellows to follow the

17    mandatory FARs constituted a wrongful act which caused personal injury to the plaintiff.
18
                  **OMISSION OF AN EMPLOYEE**
19
20                     XXX

21         That the failure of the Contract Officer Linda Fellows to follow

22

23
      Albert Maffei v. United States of America
24    Case No. 3:08-cv-_____-_____
      Complaint
25
                    Page 9 of 13

1   mandatory FARs constituted an omission of an employee of the Government while acting

2   within the scope of her office resulting in damages to the plaintiff,

3

**THE LAW OF ALASKA**

4

XXXI.

5

6        The United States, if it were a private person, would be liable to the

7   plaintiff in this case in accordance with the laws of the State of Alaska where the act and

8   omission occurred, particularly Section AS 09.50.250.

9

**DUTY OF CARE**

10

XXXII.

11

12        Contracting Officer Linda Fellows had a duty of care to properly follow

13   the FARs in order to prevent injury or damages to foreseeable persons such as the

14   plaintiff herein that may be affected by the failure to follow the FARs.

15

XXXIII.

16        Linda Fellows breached this duty when Linda Fellows failed to follow the

17   FARs, which breach resulted in the damages to plaintiff.

18

19

**FAILURE TO PROPERLY SUPERVISE AND TRAIN**

20

XXXIV.

21        The defendant, United States of America, failed to properly train and

22   supervise the Contracting Officer, Linda Fellows, and her co-employees, which resulted

23

Albert Maffei v. United States of America

24   Case No. 3:08-cv-_____-_____
Complaint
25

Page 10 of 13

| 1 | in their negligent negligent failure to follow the mandatory FARs regarding the |

| 2 | requirement to furnish a payment and performance bond. |

3

XXXV.

4
5

That this lack of training and supervision resulted in the damages to

6

plaintiff.

7

**COVENANT OF GOOD FAITH AND FAIR DEALING**

8

XXXVI.

9

That the defendant and its employees, by failing to follow the legally

10
11

adopted FAR regarding the furnishing of performance and payment bonds, is a breach of

the covenant of good faith and fair dealing.

12
13

XXXVII.

14

The failure of Linda Fellows and her co-employees to follow the

15

mandatory FAR breached the covenant of good faith and fair dealing. Thereby, the

16

plaintiff was injured and suffered damages.

17

WHEREFORE, from the foregoing, the plaintiff prays to recover the

18
19

following damages:

20

1. Actual and economic damages as follows:

21
22

(1) Transfer of Hawaii property [to Lumbermens
Mutual Insurance Company]                        $1,065,019.10

23

(2) Payoff of mortgage lien against Hawaii property        11,846.42

24

Albert Maffei v. United States of America
Case No. 3:08-cv-_____-_____

25

Complaint

Page 11 of 13

(3) Transfer of Alyeska condominium [to Lumbermens
    Mutual Insurance Company]                         152,000.00

(4) Release of funds to Lumbermens from Albert Maffei
    held in Registry of U.S. District Court            51,362.23

(5) Payment of $17,000.00 to Lumbermens Mutual
    Insurance [representing lot in Matanuska-Borough
    value] less credit for furniture in Hawaii
    condominium                                        10,021.50

(6) Payment to First National Bank Alaska for funds
    advance to Luciano General as funding in order for
    Luciano General to proceed with United States Air
    Force contract.                                   101,256.48

(7) Attorney fees to Paul Stockler                     98,696.59

(8) Capital gains taxes due on transfers of:
    Hawaii condominium                                154,000.00
    Alyeska condominium                                16,000.00

(9) Attorneys fees owed to Maffei and its
    successor, Law Office LLC, for the years
    2005, 2006 and 2007, after discharge of
    Paul Stockler.
    2005: $85,500.00
    2006: $86,640.00
    01/01/2007 to 2/13/2007: $8,500.00                180,290.00

Total Damages                                      $1,840,294.82

    2. For prejudgment interest, attorney's fees and costs.

Albert Maffei v. United States of America
Case No. 3:08-cv-_____-_____
Complaint

Page 12 of 13

1

2        DATED this 27th day of March 2008.

3                       LAW OFFICE, LLC

4
                     /s/ Albert Maffei
5                     Attorney for Plaintiff
                     ABA No. 5311009
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23
Albert Maffei v. United States of America
24   Case No. 3:08-cv-_____-_____
     Complaint
25

                 Page 13 of 13